RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 APR -1 A 10:16

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Reginald Shock, # 177900,  ) C/A No. 2:10-cv-00783-HMH-RSC
)
)
Petitioner,  )
)
vs.  )
)
Anthony Padula, Warden of Lee ) **Report and Recommendation**
Correctional Institution,  )
)
)
Respondent.  )
)

## *Background of this Case*

This habeas corpus action concerns prison disciplinary proceedings, in which the petitioner was found guilty of possession of a cell phone. His appeal was denied at the Step 1 level and at the Step 2 level. The petitioner appealed to the Administrative Law Court (Docket No. 09-ALJ-04-0882-AP). The Administrative Law Court on February 23, 2010, dismissed the appeal *with prejudice*. There is no indication in the petition that the petitioner appealed the dismissal of the appeal to the South Carolina Court of Appeals.

The petitioner raises one (1) ground in the petition: "NO EVIDENCE IN RECORD TO SUPPORT CONVICTION."[1] In his supporting, the

---

[1] The petitioner's attention is directed to *Superintendent,*
(continued...)

1

petitioner contends that an anonymous person wrote his name on the package containing the cell phone and that Captain Johnson's testimony shows this.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district

---

(...continued)
*Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (holding that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits . . . . The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citations omitted).

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction in the prison disciplinary proceedings, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has

---

[3]*Boyce* has been held by some courts to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).

Although the petitioner's appeal reached the Administrative Law Court (ALC) level, *Furtick v. South Carolina Dept. of Corrections*, 374 S.C. 334, 649 S.E.2d 35 (2007), the petitioner failed to appeal the dismissal of his appeal by the Administrative Law Court. S.C. Code Ann. § 1-23-380, as amended in 2006, provides that a negative decision by the Administrative law Court (ALC) may be appealed to the South Carolina Court of Appeals:

> **§ 1-23-380. Judicial review upon exhaustion of administrative remedies.**
>
> A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review pursuant to this article and Article 1. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an

4

adequate remedy. Except as otherwise provided by law, an appeal is to the court of appeals.

(1) Proceedings for review are instituted by serving and filing notice of appeal as provided in the South Carolina Appellate Court Rules within thirty days after the final decision of the agency or, if a rehearing is requested, within thirty days after the decision is rendered. Copies of the notice of appeal must be served upon the agency and all parties of record.

(2) Except as otherwise provided in this chapter, the serving and filing of the notice of appeal does not itself stay enforcement of the agency decision. The serving and filing of a notice of appeal by a licensee for review of a fine or penalty or of its license stays only those provisions for which review is sought and matters not affected by the notice of appeal are not stayed. The serving or filing of a notice of appeal does not automatically stay the suspension or revocation of a permit or license authorizing the sale of beer, wine, or alcoholic liquor. The agency may grant, or the reviewing court may order, a stay upon appropriate terms, upon the filing of a petition under Rule 65 of the South Carolina Rules of Civil Procedure.

(3) If a timely application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before

the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file the evidence and modifications, new findings, or decisions with the reviewing court.

(4) The review must be conducted by the court and must be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, and established by proof satisfactory to the court, the case may be remanded to the agency for action as the court considers appropriate.

(5) The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

>(a) in violation of constitutional or statutory provisions;
>
>(b) in excess of the statutory authority of the agency;
>
>(c) made upon unlawful procedure;
>
>(d) affected by other error of law;

>     (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
>     (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. 1-23-380 (Westlaw 2010). For an example of a successful appeal by a prisoner to the South Carolina Court of Appeals, see *SCDC v. Mitchell*, 377 S.C. 256, 659 S.E.2d 233 (S.C.Ct.App. 2008).

Since the above-captioned case is not a Section 1983 civil rights action, the petitioner must fully exhaust his state court remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973). See *Fox v. Ward*, Civil Action No. 3:06-3438-TLW-JRM, 2008 U.S. Dist. LEXIS 14360, 2008 WL 550115 (D.S.C., Feb. 25. 2008), which was a Section 1983 action:

>     In order to fully exhaust state court remedies, a habeas petitioner must first utilize his prison administrative remedies, as outlined above. However, in addition to filing Step 1 and Step 2 grievances, the prisoner must also file an appeal with the Administrative Law Court (ALC) in compliance with S.C.Code Annotated § 1-23-610, known as the Administrative Procedures Act (APA), and *Al-Shabazz v. S.C.*, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000) (inmate may seek review of Department's final decision in an administrative matter under the APA). If the ALC denies a prisoner's appeal, he must further appeal that decision. Since the SCDC

> is a single director agency subject to
> S.C.Code Ann. § 1-23-610(B), appeals of SCDC
> final decisions go to the ALC. ALC appeals
> are then heard by a state's higher court.
> [FN4] Once the appeal to the higher court has
> concluded, the prisoner may file a petition in
> the District Court for the District of South
> Carolina. However, in the instant action,
> Plaintiff does not allege satisfaction of the
> exhaustion requirements of 42 U.S.C.A.1997e.
> Therefore, Plaintiff's attack on good time
> credits is subject to summary dismissal for
> failure to exhaust state remedies.
>
> [FN4. Based on a recent amendment of S.C.Code
> Ann. § 9-21-70 (as amended by Act No. 387 of
> 2006, effective July 1, 2006), a claimant's
> appeal of a final ALC decision must go to the
> Court of Appeals pursuant to S.C.Code Section
> 1-23-380 and the South Carolina Appellate
> Court Rules.]

*Fox v. Ward*, 2008 WL 550115, *5.

Since the petitioner has not appealed the dismissal of his appeal by the Administrative Law Court (ALC) to the South Carolina Court of Appeals,[4] this federal district court should not keep the

---

[4] In light of the petitioner's failure to appeal the dismissal of his appeal by the Administrative Law Court to the South Carolina Court of Appeals, it is not necessary for this court to determine whether the petitioner should be proceeding under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Although the United States Court of Appeals for the Fourth Circuit has not definitively spoken on the matter, other courts have ruled that review of state prison disciplinary convictions should be by way of § 2254, not § 2241, since such convictions do effect the length or severity of the state criminal conviction for which the sentence is being served. *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004)(relying on *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)); *White v. Lambert*, 370 F.3d 1002, 1005-09 (9th Cir. 2004); *Coady v. Vaughn*, 251 F.3d 480 (3rd Cir. 2001); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); and *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000).

above-captioned case on its docket. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a

habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

March 31, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).